Donovan, Elizabeth Bowen, J.
Plaintiff, Jeffrey Frank (“Frank”), filed the complaint seeking declaratory relief against the Massachusetts Insurers Insolvency Fund (“Fund”) and Premier Insurance Company of Massachusetts (“Premier”). Frank moves for summary judgment against the Fund or, in the alternative, against Premier. Premier filed a cross motion for summary judgment. For the reasons set forth below, Frank’s motion for summary judgment is denied and Premiers cross motion for summary judgment is allowed.

BACKGROUND

The undisputed facts are summarized as follows. On March 7, 2001, Frank was involved in an automobile accident with a truck owned by the Town of Sharon (“Sharon"). Sharon is legally responsible for the injuries sustained by Frank. At the time of the accident, Sharon was insured by Legion Insurance Company (“Legion”), and Frank was insured by Premier.
On July 28, 2003, before Legion dealt with Frank’s claim against Sharon, the Commonwealth Court of Pennsylvania determined Legion to be insolvent. Thus, Frank was unable to collect from Legion. Frank turned to his own insurer for satisfaction. Frank’s policy with Premier provided uninsured motorist coverage (“UM”) for bodily injury. The policy contains the Language of the standard Massachusetts Auto Policy, approved by the Commissioner of Insurance, The pertinent portion of Frank’s policy reads:
Sometimes the company insuring the auto responsible for an accident will become insolvent. We consider such an auto to be uninsured for purposes of this Part. However, we do not consider an auto owned by a governmental unit or someone who is legally self-insured to be an uninsured auto.
(Emphasis supplied.)
Premier denied Frank coverage on his claim because of the UM exclusion of an auto owned by a governmental unit.
The Uninsured Motorist Statute, G.L.c. 175, §113L(1), states in relevant part:
No policy shall be issued or delivered . . . unless [it] provides coverage . . . under provisions approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners and operators of uninsured motor vehicles . . . and . . . such coverage shall include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency.
Municipally owned vehicles are exempt from the requirement of furnishing a compulsory insurance certificate as a condition for registration. G.L.c. 90, §1A; 1963 Opinion of the Attorney General 239. Some *122 municipalities, like Sharon, choose to purchase insurance for their vehicles.
G.L.c. 175D, §§3 and 5 created the Fund as a nonprofit unincorporated entity to cover claims against insolvent insurers existing prior to the insolvency.

DISCUSSION

The insurers obligations on a motor vehicle policy are defined by the text of the policy issued to the insured which functions as a contract. Massachusetts Insurers Insolvency Fund v. Premier Ins. Co. of Mass., 439 Mass. 318, 319 (2003). The responsibilities of the Fund are controlled by G.L.c. 175D, §5(l)(a) which requires payment on “covered claims against insolvent insured’s existing prior to the declaration of insolvency.” Id. at 319-20.
“Unambiguous language in an insurance exclusionary clause must be given its usual and ordinaiy meaning.” Id. at 320; citing Hakin v. Mass. Insurers Insolvency Fund, 424 Mass. 275, 281 (1997). The presumption that ambiguities in an insurance exclusion provision are construed against the insurer does not pertain to a Massachusetts automobile policy which is drafted by the Commissioner of Insurance rather than the contracting insurer. Massachusetts Insurers Insolvency Fund v. Premier Ins. Co. of Mass., 439 Mass. at 321.
The first issue to be resolved is whether the exclusion in Frank’s policy is ambiguous. The exclusion reads
Sometimes the company insuring the auto responsible for an accident will. . . become insolvent. We consider such an auto to be uninsured for purposes of this Part. However, we do not consider an auto owned by a governmental unit or someone who is legally self-insured to be an uninsured auto.
(Emphasis supplied.)
The Commissioner of Insurance drafted the language excluding autos owned by a government unit from being considered uninsured. Here, Sharon is a government unit. The town purchased a policy of insurance from Legion which became insolvent. The exclusion set forth in Frank’s policy applies to this case because Sharon was a governmental unit. Thus the truck is not considered uninsured. When Sharon’s insurer became insolvent and being the responsible auto for the accident it would have been considered uninsured but for the language in Premier’s policy.
The remaining issue is whether the Fund is obliged to pay UM to Mr. Frank.
G.L.c. 175D, §§5(l)(a) and (b) provide the Fund shall:
(a) be obligated to the extent of the covered claims against the insolvent insurer existing prior to the declaration of insolvency and arising within sixty days after the declaration of insolvency . . . but such obligation shall include only that amount of each covered claim which ... is less than three hundred thousand dollars.
(b) be deemed the Insurer to the extent of its obligations on the covered claims and shall have all rights, duties and obligations of the insolvent insurer to such extent; . . .
Section 1 (2) defines a covered claim as: “an unpaid claim... which arises out of and is within the coverage of an insurance policy to which this chapter applies issued by an insurer, if such insurer becomes an insolvent insurer and (a) the claimant or insured is a resident of the commonwealth; or (b) the property from which the claim arises is presently located within the commonwealth.” (Emphasis supplied.)
Section 9 narrows the extent of the Fund’s obligations regarding a covered claim. It reads in pertinent part:
Any person having a claim against an insurer under any insolvency provision in his insurance policy which is also a covered claim shall be required to exhaust first his right under such a policy. Any amount payable on a covered claim under this chapter shall be reduced by the amount of such recovery under the claimant’s insurance policy . . .
Section 9 narrows the extent of the Fund’s obligations by requiring a claimant to first exhaust his or her UM coverage under any other policy providing coverage. “The purpose of the exhaustion requirement is to render the Fund a source of last resort in the event of an insolvency.” Vokey v. Massachusetts Insurers Fund, 381 Mass. 386, 390 (1980). See Norfolk & Dedham Mut Fire Ins. Co. v. Quane, 442 Mass. 704, 712 (2004) (“[B]ecause the Fund is a limited source of compensation created for the protection of policyholders against solvent insurers . . . the Fund cannot become obligated to pay those claims for which solvent insurers . . . are properly responsible”).
Here, Frank’s claim against Legion is a covered claim. However, before Frank may turn to the Fund as a source of recovery, he must have an unpaid claim. G.L.c 258, §2 provides, inter alia, for recovery against a public employer (Town of Sharon) for personal injury caused by the negligence of its employee. Recovery must first be sought against the Town of Sharon before recourse can be had to the Fund. Vokey v. Massachusetts Insurers Fund, 381 Mass. at 389.

ORDER

For the foregoing reasons Frank’s motion for summary judgment against Premier and the Massachusetts Insurers Insolvency Fund is DENIED. Premier Insurance Company at Massachusetts’ cross motion for summary judgment is ALLOWED.